IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>TAE H. CHON<br><br>    Defendant, | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE<br><br><br>Case No. 2:01-CR-487 TS |

Defendant was charged in a three-count Indictment on August 22, 2001.[1] Defendant was arraigned on August 27, 2001, and a trial date of November 1, 2001, was set.[2] The original trial date was rescheduled and was eventually reset for January 23, 2003. After a scheduling conference held on December 10, 2002, but prior to the January 23, 2003 trial date, Defendant fled. Defendant now seeks to exclude any evidence of his pre-trial flight pursuant to Fed. R. Evid. 404(b). For the reasons discussed below, the Court will deny the Motion and will permit the government to present evidence of Defendant's flight for the purpose of showing consciousness of guilt.

---

[1]Docket No. 1.

[2]Docket No. 2.

1

I. STANDARD

The Tenth Circuit has provided a four-pronged requirement for any evidence admitted under Rule 404(b):

> (1) the evidence is offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence is relevant under Fed. R. Evid. 401; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it is admitted.[3]

II. ANALYSIS

A.   PROPER PURPOSE UNDER RULE 404(b)

Rule 404(b) prohibits the admission of evidence of prior crimes, wrongs, or acts if offered "to prove the character of a person in order to show action in conformity therewith."[4] Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[5]

The Tenth Circuit has stated that "[i]t is universally conceded today that the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct, are admissible as evidence of consciousness of guilt, and thus of guilt itself."[6] "There is a lengthy history behind the admission of conduct showing consciousness of guilt. As such, flight evidence carries with it a strong presumption of admissibility."[7]

---

[3]*United States v. Tan*, 254 F.3d 1204, 1207–08 (10th Cir. 2001).

[4]Fed. R. Evid. 404(b).

[5]*Id*.

[6]*United States v. Martinez*, 681 F.2d 1248, 1256 (10th Cir. 1982).

[7]*Id*. (citation omitted).

Additionally, a number of courts have held that evidence of flight is admissible under Rule 404(b).[8]

For these reasons, the Court finds that evidence of Defendant's pre-trial flight is admissible for a proper purpose, namely consciousness of guilt.

B.   RELEVANCY UNDER RULE 401

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[9]  Of course, "[t]he standard is not stringent; it is aimed at each 'brick' of evidence potentially making a wall and not every witness 'mak[ing] a home run.'"[10]

Defendant argues that since his flight did not take place immediately after the crime was committed, its relevancy is weakened.  The Tenth Circuit has "declined to adopt a rule that a defendant's flight must occur soon after his arrest to be probative of guilt, reasoning 'that evidence of flight that occurs in close temporal proximity to other significant events in the course of prosecution (*such as the commencement of trial*) may also be probative of the defendant's

---

[8]*See e.g. United States v. Robinson* 161 F.3d 463, 467 (7th Cir. 1998) ("Evidence of flight is admissible under Rule 404(b) to show consciousness of guilt, as well as guilt itself."); *United States v. Bartelho*, 129 F.3d 663, 677 (1st Cir. 1997) ("Evidence of flight or escape may be admissible to prove a defendant's consciousness of guilt, consistent with Rule 404(b)."); *United States v. Pungitore*, 910 F.2d 1084, 1151 (3d Cir. 1990) ("Evidence of defendant's flight after a crime has been committed is admissible to prove his consciousness of guilt."); *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984) ("[E]vidence of flight is admissible to prove guilty conscience.").

[9]Fed. R. Evid. 401.

[10]*United States v. Yazzie*, 188 F.3d 1178, 1189 (10th Cir. 1999) (quoting Fed. R. Evid. 401 advisory committee's note).

guilt.'"[11] Here Defendant's flight took place in close proximity to the January 23, 2003 trial date. Therefore, evidence of Defendant's pre-trial flight is relevant to show consciousness of guilt.

C.      BALANCING TEST UNDER RULE 403

>    Fed. R.Evid. 403 excludes otherwise relevant evidence
>
> > if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence.

Evidence is unfairly prejudicial "if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense of the crime charged."[12] "[E]xclusion of evidence under Rule 403 that is otherwise admissible under the other rules 'is an extraordinary remedy and should be used sparingly.'"[13]

As stated above, the evidence of Defendant's flight tends to show a consciousness of guilt.  This evidence is both relevant and probative.  Further, as noted by the government, flight is a part of this case.  Defendant was absent for a number of years.  Failure to allow the government an opportunity to present evidence of Defendant's flight may lead the jury to draw an inference that the age of the case was somehow due to delay or neglect on the part of the government.  The Court finds that the probative value of this evidence is not substantially outweighed by any danger of unfair prejudice that may exist.

---

[11]*United States v. Akers*, 215 F.3d 1089, (10th Cir. 2000) (quoting *United States v. Lacey*, 86 F.3d 956, 973 (10th Cir. 1996) (emphasis added)).

[12]*United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999) (quotation and citation omitted).

[13]*Tan*, 254 F.3d at 1211 (quoting *Rodriquez*, 192 F.3d at 949).

D.   INSTRUCTION ON FLIGHT EVIDENCE

Finally, the Court will provide an instruction on the flight evidence to the jury. The Court intends to provide the following instruction concerning Defendant's flight:

> Evidence that the defendant fled or attempted to flee during or after having been contacted about the commission of a crime is a circumstance that, if proven, can be considered by the jury as showing a consciousness of guilt of the part of the defendant.
> In your evaluation of this evidence of flight you may consider that there may be reasons—fully consistent with innocence—that could cause a person to flee. Fear of law enforcement or a reluctance to become involved in an investigation or simple mistake may cause a person who has committed no crime to flee.
> Whether or not evidence of flight on the part of the defendant causes you as members of the jury to find a consciousness of guilt on his part and the significance, if any, of that consciousness of guilt is entirely up to you as the sole judges of the facts of this case.

The Court will permit Defendant to lodge any objections he may have with this proposed instruction and allow him an opportunity to propose an instruction of his own.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence (Docket No. 83) is DENIED.

DATED   July 5, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

5