IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　Plaintiff,<br><br><br><br>vs.<br><br><br><br>TAE H. CHON,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR MISTRIAL<br><br><br><br><br><br>Case No. 2:01-CR-487 TS |

　　　　This matter came before the Court for a three-day jury trial on July 9–11, 2007. During the direct examination of the government's witness Elijah Wisdon on the second day of trial, testimony was presented concerning previous interactions between Mr. Wisdon and the Defendant. Specifically, Mr. Wisdon stated that he had purchased pills from the Defendant in the past, that the Defendant had removed the pills from the packaging so that the pills could not be traced back to him, and that Defendant had a wooden tool to remove the pills from their packaging. Counsel for Defendant did not object during this testimony. During a break, after this testimony had been presented, counsel for Defendant moved for a mistrial based on the admission of this testimony arguing that this information had not been provided to the Defendant prior to trial. The Court denied the Motion orally, but instructed the jury to disregard the

1

testimony of Mr. Wisdon concerning the disposal of the packaging and the wooden tool.  The Court refused to strike the testimony concerning the prior relationship.  The Court based its ruling on the fact that the audio recordings presented at trial presented evidence of a prior relationship between Mr. Wisdon and the Defendant.  The Court found that if Defendant's counsel conducted an interview with Mr. Wisdon before trial, the information concerning the extent of the previous relationship would have been discovered.  Further, counsel for Defendant failed to object in a timely manner.

Defendant renewed his Motion for Mistrial on July 11, 2007, arguing that under *Brady v. Maryland*,[1] and Fed.R.Crim.P. 16 a mistrial is appropriate.  The government responded on July 16 , 2007.  For the following reasons, which are substantially the same as the reasons given orally at trial, the Court will deny the Motion.

The only contention here is that the government did not make counsel for the Defendant aware of the full scope of Mr. Wisdon's testimony.  There is no argument that the government failed to turn over documents or other evidence concerning the relationship between Mr. Wisdon and Defendant.  Further, it is clear that counsel for Defendant was made aware of Mr. Wisdon's identity.  Counsel for Defendant only argue that they were unaware of the complete details of the prior contact between Mr. Wisdon and the Defendant.  Counsel for the government only discovered the full extent of these prior dealings while conducting an interview with Mr. Wisdon the week before trial.

---

[1] 373 U.S. 83 (1963).

"To establish a *Brady* violation, 'a defendant must demonstrate (1) the prosecution suppressed evidence, (2) the evidence was favorable to defendant, and (3) the evidence was material.'"[2]  Turning to the second element, "[e]vidence is favorable to the defendant if it constitutes either exculpatory or impeachment evidence."[3]  Here, the testimony presented tended to inculpate Defendant, rather than exculpate him and could not be used to impeach.  The testimony of Mr. Wisdon tended to show that Defendant was aware that the pseudoephedrine he was selling was being used to manufacture methamphetamine.  Thus, there was no violation of *Brady* in allowing Mr. Wisdon to testify on these matters.

Fed.R.Crim.P. 16(a)(1)(E) states that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (I) the item is material to preparing the defense."  Rule 16(a)(2) states that this rule does not "authorize the discovery or inspection of statements made by prospective witnesses except as provided in 18 U.S.C. § 3500."  It is undisputed that there are no books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of those items concerning the prior contacts between Mr. Wisdon and Defendant.  Further, there are no "statements" here, as defined by 18 U.S.C. § 3500.  Thus, there was no violation of Rule 16 by the government failing to inform opposing counsel of this recently learned information.

---

[2]*United States v. LaVallee*, 439 F.3d 670, 698 (10th Cir. 2006) (quoting *United States v. Quintanilla*, 193 F.3d 1139, 1149 (10th Cir. 1999)).

[3]*Id.*

Further, in listening to the tape recorded conversations between Defendant and Mr. Wisdon, it is clear that the two had a previous relationship.  It is undisputed that counsel for Defendant were aware of the identity of Mr. Wisdon and had the opportunity to interview him prior to trial.  By conducting such an interview counsel would have been able to determine the information that was revealed on direct examination.  Counsel chose not to take advantage of this opportunity.  Additionally, when this testimony was presented counsel for Defendant made no objection to this testimony.  By failing to object, Defendant is deemed to have waived any objection.[4]

For these reasons, Defendant's Motion for Mistrial (Docket No. 95) is DENIED.

DATED July 25, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *See United States v. Hubbard*, 603 F.2d 137, 142 (10th Cir. 1979).