IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TAE H. CHON,<br><br>                 Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | MEMORANDUM DECISION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br><br>Civil Case No. 1:19-CV-135 TS<br>Criminal Case No. 2:01-CR-487 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. For the reasons discussed below, the Court will dismiss the Petition for lack of jurisdiction.

I.  BACKGROUND

Petitioner was indicted on August 22, 2001, on three counts of distribution and possession of pseudoephedrine knowing, or having reasonable cause to believe, it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). Petitioner absconded from supervision in January 2003, and remained a fugitive until October 2006, when he turned himself in to authorities.

A jury trial was held in July of 2007. Petitioner was acquitted of two counts but convicted of the third. On October 26, 2007, Petitioner was sentenced to 180 months imprisonment. Judgment was entered on October 29, 2007.

Petitioner appealed and the Tenth Circuit Court of Appeals affirmed his conviction.[1] In addition, both this Court and the Tenth Circuit have rejected a number of collateral challenges to Petitioner's conviction.[2]

II. DISCUSSION

Petitioner brings his Petition under 28 U.S.C. § 2241.[3] The Tenth Circuit has explained, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity."[4] A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to "attack[] the legality of detention, and must be filed in the district that imposed the sentence."[5] Petitioner attacks the validity of his underlying conviction. Therefore, his Petition should have been brought under § 2255.

A petitioner may file a § 2241 petition to challenge the legality of his conviction under the limited circumstances provided in the "savings clause" of § 2255. Pursuant to the savings clause, a § 2241 petition may be appropriate if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."[6] "Only in rare instances will § 2255 fail as an

---

[1] *United States v. Chon*, 291 F. App'x 877, 883 (10th Cir. 2008).

[2] *United States v. Chon*, 559 F. App'x 779, 780 (10th Cir. 2014); *United States v. Chon*, 512 F. App'x 855, 858–59 (10th Cir. 2013); *United States v. Chon*, 434 F. App'x 730, 731 (10th Cir. 2011).

[3] While Petitioner was released from custody prior to filing his Petition, he remains on supervised release. Therefore, "he remains 'in custody' as required by both § 2241 and § 2255." *LaLiberte v. United States Probation*, 650 F. App'x 625, 625 n.1 (10th Cir. 2016).

[4] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[5] *Id.* (internal citation omitted).

[6] 28 U.S.C. § 2255(e).

2

adequate or effective remedy to challenge a conviction or the sentence imposed."[7] Petitioner "bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective."[8]

The Tenth Circuit has explained that the relevant question "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241."[9] Petitioner clearly could have raised the claims identified in his Petition when he filed his initial § 2255 motion. Indeed, Petitioner made similar arguments in his initial § 2255 motion. Further, the fact that Petitioner may not now use § 2255 to raise the arguments made in his current Petition due to the restrictions contained in § 2255(h) does not mean that the remedy in § 2255 is inadequate.[10] Moreover, to the extent Petitioner is arguing that he is actually innocent, that argument is irrelevant in determining whether the Court has statutory jurisdiction to consider a § 2241 motion.[11]

Because Petitioner may not bring his Petition under § 2241, the Court construes it as a second or successive § 2255 motion.[12] "Before a federal prisoner may file a second or

---

[7] *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).

[8] *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011).

[9] *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011).

[10] *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999).

[11] *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013).

[12] The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). In this case, however, lack of notification of the recharacterization will not prejudice the Petitioner because this is his fourth motion and he has not obtained an order from the Tenth Circuit authorizing the Court to consider the Petition. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004). Additionally, since this is Petitioner's fourth § 2255 Motion, the concerns that require notification in the first instance are not at issue. *See United States v. Torres*, 282 F.3d 1241, 1245–46 (10th Cir. 2002).

successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."[13]  "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."[14]  However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[15]

The Tenth Circuit has delineated factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[16]

Considering these factors, the Court finds that it is not in the interest of justice to transfer the Petition.  Petitioner's claim would be time-barred under 28 U.S.C. § 2255(f).  Petitioner's claims are not likely to have merit.  Finally, based on Petitioner's prior history of filing successive petitions, the Court finds that it was clear at the time of filing that this Court lacked the requisite jurisdiction.  Therefore, the Court finds that it is not in the interest of justice to transfer the Petition.

---

[13] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).
[14] *Id.* at 1251.
[15] *See* 28 U.S.C. § 1631.
[16] *In re Cline*, 531 F.3d at 1251.

III. CONCLUSION

It is therefore

ORDERED that the Petition is DISMISSED for lack of jurisdiction. The Court DENIES Petitioner a certificate of appealability.

DATED this 27th day of November, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge